1298

**Dennis Paul HUGHES, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**No. 71 C 130(1).**

United States District Court,
E. D. Missouri, E. D.

June 4, 1971.

Dennis Paul Hughes, pro se.

John C. Danforth, Atty. Gen. for State of Missouri, J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on petitioner's motion for a writ of habeas corpus under the provisions of 28 U.S.C. 2254. Petitioner was convicted of first-degree murder in the Circuit Court of the City of St. Louis, Missouri, and sentenced to life imprisonment. His conviction was affirmed on direct appeal to the Missouri Supreme Court. State v. Hughes, 460 S.W.2d 600 (Mo.1970). Petitioner has exhausted his remedies available in the state courts of Missouri. He has not filed a 27.26 motion, but has raised all the points in his direct appeal. See Edwards v. Swenson, 429 F.2d 1291 (8th Cir. 1970).

In support of his motion, petitioner alleges the following: (a) denial of the opportunity to obtain witnesses in his own behalf; (b) the trial court erred in permitting the introduction into evidence of certain incriminating statements and a confession purportedly made by petitioner to police officers, because there was no evidence that the petitioner validly waived his right to counsel, or that such statements were freely and voluntarily given.

Petitioner's claim that the trial court erred in admitting into evidence certain incriminating statements and his confession, because they were not voluntarily given and that his right to counsel was not waived, was initially raised by pre-trial motion to suppress. A hearing was held on this issue and the motion to suppress was overruled. The trial court found that the statements and confession were voluntary.

■ The question of whether petitioner's statements and confession were coerced and his right to counsel was waived presents an issue of fact, and, in general, a hearing is necessary prior to disposing of a motion for habeas corpus relief. In this case the records of the state court affirmatively rebut the petitioner's contentions making a hearing unnecessary. Howard v. Swenson, 404 F.2d 469 (8th Cir. 1968).

■ In the case at bar, the trial court afforded petitioner a full hearing on the motion to suppress. Ample testimony was elicited both at the hearing on the motion to suppress and at trial to the effect that the petitioner was informed of his rights, that he stated he understood those rights, that he never asked for an attorney, that he stated he did not want an attorney, and that he freely answered the questions of the police officers. This Court finds that the statements and confession of petitioner were voluntary and not the product of coercion.

Petitioner's contention that there was no evidence to show a waiver of his constitutional rights as set out in Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966), and that a "valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained" is not upheld by the record in this case. In United States v. Montos, 421 F.2d 215 (5th Cir. 1970), the Court of Appeals, when faced with this contention, held that:

> "An express statement that the individual does not want a lawyer is not required, however, to show that the individual waived his right to have one present. See Bond v. United States, 10 Cir., 1968, 397 F.2d 162, 165. All that the prosecution must show is that the defendant was effectively advised of his rights and that he then intelligently and understandingly declined to exercise them."

United States v. Ganter, 436 F.2d 364, 369 (7th Cir. 1970); Klingler v. United States, 409 F.2d 299, 307–308 (8th Cir. 1969). It is the opinion of this Court that the Supreme Court of Missouri properly applied the applicable federal standards to petitioner's case.

■ Petitioner's second contention is that the trial court violated his constitutional right to obtain witnesses in his own behalf by refusing to allow Robert Babione to impeach the testimony of Detective Riley; that petitioner had never professed his innocence to Riley. The Supreme Court of Missouri characterized this as an attempt to impeach the testimony of Detective Riley by a prior inconsistent statement. The court held that petitioner failed to lay a proper foundation for the impeachment testimony. Thus, the issue is not a question of petitioner's right to obtain compulsory process for witnesses in his behalf, but is a question of state procedure dealing with the admissibility of evidence. Questions of state procedure dealing with the admissibility of evidence are not open to attack by way of habeas corpus. Atwell v. Arkansas, 426 F.2d 912, 915 (8th Cir. 1970). Therefore, petitioner's motion for a writ of habeas corpus will be denied.