**STATE of Missouri, Respondent,**

v.

**Robert Lee ENDRES, Appellant.**

No. 56509.

Supreme Court of Missouri,
Division No. 1.

July 17, 1972.

California charge and received a sentence of from five years to life imprisonment. On April 13, 1966, the Missouri charge was placed on the inactive docket because defendant had escaped from custody and was still at large. At some date, Missouri authorities caused a detainer to be placed against defendant with California authorities. On June 10, 1970, defendant was paroled from his California sentence and returned for trial in Missouri.

In one of his numerous pro se motions for speedy trial filed in the St. Louis Circuit Court and affidavits in support, appellant asserts that, in July, 1966, he wrote the Attorney General of Missouri, requesting a speedy trial of the Missouri charge, but that official replied that Missouri was not a party to the interstate Agreement on Detainers and was not obliged to try him until the California sentence had been satisfied. By affidavit in support of his motion for new trial in this case, appellant stated that, in mid-1966, he had written the Circuit Attorney for the City of St. Louis requesting that the State of Missouri bring him to trial as soon as possible, to which he received a reply signed by a member of the circuit attorney's staff saying "sorry."

Appellant states that, in June, 1968, he mailed to the Clerk of the Circuit Court for the City of St. Louis a "Motion for Speedy Trial." However, the first record evidence of such motion is found in a letter dated December 10, 1968. The motion was filed on December 16, 1968, and was overruled on February 24, 1969.

On March 14, 1969, appellant filed another pro se motion for speedy trial together with affidavit and memorandum in support. The court requested the Public Defender Bureau to represent defendant on the motion and a representative of that office corresponded with defendant about it.

On October 20, 1969, appellant pro se filed a motion to dismiss the charge for failure to prosecute. His memorandum in support of the motion stated that it was based "on the recent U. S. Supreme Court

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Joseph E. Rebman, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from conviction on jury verdict which fixed punishment at 15 years' imprisonment on finding of guilt on charge of robbery, first degree, with a deadly weapon.

The issue on this appeal is whether or not the charge against appellant should have been dismissed because he was denied a speedy trial. The transcript here relates only to that issue and the facts from which the charge arose do not appear.

An information was filed in the St. Louis Circuit Court on March 22, 1966, charging Robert Lee Endres with robbery in the first degree with a deadly weapon, committed March 17, 1966. Endres was in custody and arraignment was set for March 31, 1966. Sometime prior to that date, he escaped from custody. On April 5, 1966, he was arrested in California on a robbery charge. He was convicted on the

ruling in supra, Smith v. Hooey, ⁙# 198 1968 Oct. * * *."

On December 22, 1969, appellant filed a motion to dismiss on the grounds that he had not been brought to trial within three terms after the filing of the information. § 545.920, RSMo 1969, V.A.M.S. On February 27, 1970, the motion was overruled.

Defendant was arraigned in the St. Louis Circuit Court on June 16, 1970. On August 7, 1970, another motion to dismiss based on the passage of three terms of court was filed.

On September 29, 1970, the trial court heard the motions to dismiss and overruled them. The trial court considered that the motions previously relied upon had been refiled. It held that, insofar as the state statutes are concerned, the acts of defendant had tolled the statutes and he was not entitled to relief under them. Insofar as claimed denial of federal constitutional guaranties was concerned, the court concluded that the only evidence before it was that defendant's communication of December, 1968, was the first notice the state had of defendant's whereabouts and that the delay at the most amounted to a little over a year and that, taking into consideration defendant's escape and his conviction in California, his federally guaranteed right to a speedy trial had not been violated.

Trial was then held and defendant found guilty. After his motion for new trial had been overruled, he appealed.

In this court, appellant argues that he has been denied the right to a speedy trial in violation of the guaranties of federal and state constitutions. He alludes to § 18(a) of Article I of the Constitution of Missouri, 1945, V.A.M.S., but his brief relies upon federal guaranties and that is the question for consideration.

▮▮▮ In Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, the United States Supreme Court made applicable to the states through the Four-teenth Amendment the Sixth Amendment guarantee of right of an accused in a criminal case to a speedy trial. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607, holds that the absence of the defendant from the state by reason of his incarceration under a conviction in another jurisdiction does not excuse the state from its obligation under the federal constitution to accord a speedy trial. Upon the demand of the accused in such circumstances, the state must make a diligent good-faith effort to obtain his presence for trial. 393 U.S. 382–383, 89 S.Ct. 575. In Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L. Ed.2d 26, the state charge had been filed in June, 1960. The defendant was removed from the state and imprisoned in a federal institution beginning in September, 1960. He made numerous and repeated demands for trial of the state charge. He was eventually returned and tried in February, 1968 and found guilty. In reversing the conviction, the United States Supreme Court found that actual prejudice to the defendant by the delay had occurred in that two potential witnesses in his behalf had died, another had become unavailable and police records had been lost. "On this record the delay with its consequent prejudice is intolerable as a matter of fact and impermissible as a matter of law." 398 U. S. 38, 90 S.Ct. 1569.

These cases provide the general guidelines which are controlling on this court in the resolution of the question here presented. However, they do not answer the precise problem. The delay here is not of the duration involved in Dickey, nor has there been any showing of prejudice of the nature which existed there by reason of the delay. In Smith, the charge had been filed in 1960. The 1969 decision was in a mandamus action to compel dismissal of the charge. The judgment refusing the writ was set aside and the case remanded to the Texas Supreme Court "for further proceedings not inconsistent with this opinion." As pointed out by Justice Harlan in a separate opinion, that conclusion was

enigmatic and did not disclose what was expected of the state on remand. Justice White in a concurring opinion stated that upon remand the state court could consider "the other facets" of the speedy trial question which it had failed to do originally because of its conclusion that the incarceration elsewhere eliminated that question. Justice Black "would make it absolutely clear to the Supreme Court of Texas that so far as the federal constitutional question is concerned its judgment is set aside only for the purpose of giving the petitioner a trial, and that if a trial is given the case should not be dismissed." In any event, there is no holding in Smith that the 9-year delay which had occurred at the time of the Supreme Court's decision compelled dismissal of the charge.

In Lillibridge v. Swenson, 326 F.Supp. 1104, the United States District Court for the Western District of Missouri considered the application of Smith and Dickey in a case involving a 13-month delay in a Missouri prosecution. The court stated (1. c. 1110–1112):

"[4] * * * 'There can be no doubt that if the petitioner * * * had repeatedly demanded that he be brought to trial, the State would have been under a constitutional duty to try him.' Smith v. Hooey, *supra,* 393 U.S. 374, 377, 89 S.Ct. 575, 576, 21 L.Ed.2d 607, 611. It is said in the same case that:

" '[A]t least three basic demands of criminal justice [are sought to be furthered by the concept of speedy trial] * * * "[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself." ' Id., 393 U.S. at 378, 89 S.Ct. at 577, 611, quoting from United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627.

"It was further established in United States v. Ewell, *supra,* that the time of de-

lay alone is not in itself determinative of whether a petitioner has received a speedy trial. In that case it was stated:

" 'We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950, [954]. "Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances * * * The delay must not be purposeful or oppressive," Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed. 2d 393, [399]. "[T]he essential ingredient is orderly expedition and not more speed." Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, [1048], 383 U.S. at 120, 86 S.Ct. at 776, 15 L.Ed.2d at 631.

\* \* \* \* \* \*

"The cases were processed and tried, however, in an average time for cases of this type. Plaintiff has not stated, nor has he shown in the briefs nor does the record of the trials independently show, that petitioner was in any way prejudiced at the

trial of these cases. There is no contention anywhere made or inferable from the transcript that the passage of time hindered or disabled petitioner in his ability to meet and confront the evidence against him or to present evidence in his own behalf. It is not contended either that petitioner was subject to undue and oppressive incarceration or that the pendency of the charges caused undue anxiety. It is necessary to a contention of denial of speedy trial that petitioner state and show prejudice in some one of the above forms. See United States v. DeLeo (C.A.1) 422 F.2d 487, 495. Petitioner has not done this. Petitioner rather states that the rule of Dickey v. Florida, *supra,* 'indicates that a showing of actual prejudice is only required when the delay is not per se unreasonable.' Under federal standards, however, the delay in these cases is not per se unreasonable. Further, in *Dickey, supra,* the Supreme Court held that prejudice resulted as a matter of law from a delay of seven years. The magnitude of delay in this case does not approach that in *Dickey.* It more nearly approximates the permissible ranges of delay noted in United States v. DeLeo, *supra,* 422 F.2d at 494. It is worthy of mention that actual prejudice was found in the *Dickey* case, *supra,* 'in the death of two potential witnesses, unavailability of another, and the loss of police records.' 398 U.S. at 38, 90 S.Ct. at 1569, 26 L.Ed.2d at 32. The per se approach to the speedy trial aspect of the Sixth Amendment has been rejected recently by one court. See United States v. DeLeo, *supra,* in which the Supreme Court recently denied certiorari at 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648."

In United States v. DeLeo, 422 F.2d 487, a 29-month delay was involved and found, in the circumstances, not to constitute denial of a speedy trial. In its opinion the court stated (l. c. 494):

"[5] Appellant would have us forego such scrutiny and rule that the mere passage of time in this case—being so much longer than that held permissible in Fleming v. United States, 378 F.2d 502 (1st Cir. 1967) (11 months after indictment), and Carroll v. United States, 392 F.2d 185 (1st Cir. 1968) (10 months before arraignment) —was in itself enough to constitute a denial of his Sixth Amendment right to a speedy trial. No authorities are cited for this proposition except various state statutes and the normative goal proposed by the President's Commission on Law Enforcement and Administration of Justice of four months from arrest to trial. The Challenge of Crime in a Free Society, p. 155, 1967. We reject any per se approach to this aspect of the Sixth Amendment. *See* United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States [ex rel. Solomon] v. Mancusi, 412 F.2d 88, 90 (2d Cir. 1969).

"[6] In our review of the federal cases, we have found occasional references to a rule that after some period of time, prejudice to the defendant will be presumed and it becomes the government's burden to show that no prejudice to the defendant arose from the delay. Pitts v. North Carolina, 395 F.2d 182, 184–185 (4th Cir. 1968); Smith v. United States, 135 U.S.App.D.C. 289, 418 F.2d 1120 (1969); *see* United States v. Lustman, 258 F.2d 475, 477–478 (2d Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Having read these cases, as well as United States v. Ewell, *supra,* Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967), and Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), we are not persuaded that a presumption of prejudice arising from the mere passage of time is either prevailing doctrine or the most effective way fully to assure the Sixth Amendment's speedy trial. Given the panoply of circumstances which can arise between crime and trial, we prefer to give close scrutiny to the three factors discussed in *Ewell, supra,* 383 U.S. at 122–123, 86 S.Ct. 773; length of delay, effect thereof on defendant before

and at trial, and nature of the government's conduct in prosecuting the case."

■ In this case, petitioner's concern with a speedy trial arose only after he had been convicted in California. He had no such concern when he escaped while Missouri was in the process of according him a determination of his guilt. The escape of the appellant does not excuse the entire delay but it is a factor to be weighed along with the other circumstances. Appellant does not contend that the state's conduct was in any way occasioned by purposeful or deliberately oppressive action on the part of state officials. Appellant's request for trial began at a time when the obligation of the state in a situation such as this had not been definitively established. See 21 Am.Jur.2d Criminal Law, § 250, p. 285. When the obligation of Missouri to act had been clarified in Smith v. Hooey, supra, the circuit attorney's office, in October, 1969, offered its cooperation in the return of appellant to Missouri. The record does not disclose whether or not any steps were ever taken to obtain appellant's custody by extradition.

■ However, the overriding consideration which supports the ruling of the trial court was the failure of appellant to demonstrate that the delay so prejudiced him as to call for his discharge. Search of the record here reveals that, in one of his communications, appellant in an affidavit stated that he had a crucial alibi witness 73 years of age who was suffering from a heart condition. The record here is silent as to whether or not that witness testified at the trial, and, if not, why not. The affidavit further stated that "each year makes it more difficult for petitioner to find witnesses," but at no place is there any elaboration on this complaint. The affidavit also recites that the Missouri detainer precluded appellant from certain rehabilitation programs in the California Department of Corrections, including certain vocations requiring lower custody classification, transfer to road or forestry camps,

and "statistically established lower terms accruing to reductions in custody and the programs thereafter available." A speculative assertion such as this, not otherwise supported, does not demonstrate prejudice required to be shown as a basis for relief. United States v. Taddeo, 2d Cir., 434 F.2d 228, 229–230[3]. It does appear that, despite the Missouri detainer, appellant's original indeterminate sentence of from five years to life was set at eight years, with the last three years to be spent on parole and the pending Missouri charge not affecting his parole status.

Appellant here argues that he has suffered the psychological pressures and other possible disadvantages referred to by the court in Smith v. Hooey, supra, including loss of possibility that any Missouri sentence might run at least partially concurrent with the California sentence, a loss which need not have occurred here since he was tried while the California sentence was still being served, although on parole. Such claims are always arguable in a case such as this, but to grant relief on the basis solely of such assertions would be, in effect, to adopt a per se rule.

There is no necessity to further lengthen this opinion by detailed consideration of all of the authorities relied upon by appellant here. His authorities from other states, dealing with state requirements, such as Jacobson v. Winter, 91 Idaho 11, 415 P.2d 297, and State v. Couture, 156 Me. 231, 163 A.2d 646, are of little persuasive value inasmuch as federal guaranties are here relied upon. In Glasgow v. State, Alaska, 469 P.2d 682, the Alaska Supreme Court accepted a pro se rule, based upon the Alaska state constitution. 469 P.2d 686[5, 6]. The statement in the opinion of the Second Circuit Court of Appeals in United States v. Lustman, 258 F.2d 475, 477–478, " * * * [W]e think that a showing of prejudice is not required when a criminal defendant is asserting a constitutional right under the Sixth Amendment" has not been followed in subsequent decisions by that court. United States v. Alo, 2d Cir., 439

F.2d 751, 756, footnote 11. In Pitts v. North Carolina, 4th Cir., 395 F.2d 182, the court did state that delay may be so long as to make a prima facie showing of prejudice. 395 F.2d 185. However, the court was there dealing with a 16-year delay.

It may be noted that the problem presented in this case will be less likely to arise in the future. In 1971, the Missouri General Assembly enacted legislation by which Missouri has become a party to the "Agreement on Detainers." Laws 1971–1972, p. ——, §§ 222.160–222.220, RSMo 1971 Cum.Supp., V.A.M.S. This agreement provides the machinery for disposition of detainers among the parties to the agreement and fixes time limits for state action.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN, P. J., and BARDGETT, J., concur.

SEILER, J., dubitante.