Robert Lee **ENDRES**, Petitioner,

v.

Harold R. **SWENSON**, Warden,
Respondent.

No. 72 C 546(3).

United States District Court,
E. D. Missouri, E. D.

Nov. 28, 1972.

Robert Lee Endres, pro se.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

WEBSTER, District Judge.

This matter is before the court on the petition of Robert Lee Endres for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presently serving a fifteen year sentence in the Missouri State Penitentiary for first degree rob-bery. He was convicted in the Circuit Court of the City of St. Louis, Missouri.

Endres' sole contention in the petition is that he was denied a speedy trial in violation of the Sixth Amendment to the Constitution of the United States. This issue was decided adversely to petitioner by the Missouri Supreme Court in his direct appeal of his conviction. State v. Endres, 482 S.W.2d 480 (Mo.1972). Accordingly, petitioner has exhausted state remedies as required by 28 U.S.C. § 2254(b). See Hughes v. Swenson, 328 F.Supp. 1298 (E.D.Mo.1971), aff'd 452 F.2d 866 (8th Cir. 1971).

■ The Missouri Supreme Court summarized the facts as follows:

"An information was filed in the St. Louis Circuit Court on March 22, 1966, charging Robert Lee Endres with robbery in the first degree with a deadly weapon, committed March 17, 1966. Endres was in custody and arraignment was set for March 31, 1966. Sometime prior to that date, he escaped from custody. On April 5, 1966, he was arrested in California on a robbery charge. He was convicted on the California charge and received a sentence of from five years to life imprisonment. On April 13, 1966, the Missouri charge was placed on the inactive docket because defendant had escaped from custody and was still at large. At some date, Missouri authorities caused a detainer to be placed against defendant with California authorities. On June 10, 1970, defendant was paroled from his California sentence and returned for trial in Missouri.

In one of his numerous pro se motions for speedy trial filed in the St. Louis Circuit Court and affidavits in support, appellant asserts that, in July, 1966, he wrote the Attorney General of Missouri, requesting a speedy trial of the Missouri charge, but that official replied that Missouri was not a party to the interstate Agreement on Detainers and was not obliged to try him until the California sentence had been satisfied. By affidavit in support of his motion for new

trial in this case, appellant stated that, in mid-1966, he had written the Circuit Attorney for the City of St. Louis requesting that the State of Missouri bring him to trial as soon as possible, to which he received a reply signed by a member of the circuit attorney's staff saying 'sorry.'

Appellant states that, in June, 1968, he mailed to the Clerk of the Circuit Court for the City of St. Louis a 'Motion for Speedy Trial.' However, the first record evidence of such motion is found in a letter dated December 10, 1968. The motion was filed on December 16, 1968, and was overruled on February 24, 1969.

On March 14, 1969, appellant filed another pro se motion for speedy trial together with affidavit and memorandum in support. The court requested the Public Defender Bureau to represent defendant on the motion and a representative of that office corresponded with defendant about it.

On October 20, 1969, appellant pro se filed a motion to dismiss the charge for failure to prosecute. His memorandum in support of the motion stated that it was based 'on the recent U. S. Supreme Court ruling in supra, Smith v. Hooey, [393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607], # 198 1968 Oct. * * *.'

On December 22, 1969, appellant filed a motion to dismiss on the grounds that he had not been brought to trial within three terms after the filing of the information. § 545.920, RSMo 1969, V.A.M.S. On February 27, 1970, the motion was overruled.

Defendant was arraigned in the St. Louis Circuit Court on June 16, 1970. On August 7, 1970, another motion to dismiss based on the passage of three terms of court was filed.

On September 29, 1970, the trial court heard the motions to dismiss and overruled them. The trial court considered that the motions previously relied upon had been refiled. It held that, insofar as the state statutes are concerned, the acts of defendant had tolled the statutes and he was not entitled to relief under them. Insofar as claimed denial of federal constitutional guaranties was concerned, *the court concluded that the only evidence before it was that defendant's communication of December, 1968, was the first notice the state had of defendant's whereabouts and that the delay at the most amounted to a little over a year*, and that, taking into consideration defendant's escape and his conviction in California, his federally guaranteed right to a speedy trial had not been violated.

Trial was then held and defendant found guilty. After his motion for new trial had been overruled, he appealed.

In this court, appellant argues that he has been denied the right to a speedy trial in violation of the guaranties of federal and state constitutions. He alludes to § 18(a) of Article I of the Constitution of Missouri, 1945, V.A.M.S., but his brief relies upon federal guaranties and that is the question for consideration." [1]

State v. Endres, 482 S.W.2d at 481–82. (Emphasis supplied)

■■ The Sixth Amendment to the Constitution of the United States provides in pertinent part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ."

---

[1]. In petitioner's "MEMORANDUM IN SUPPORT OF WRIT and TRAVERSE TO STATES (sic) REPLY" reference is made to an alleged violation of § 545.890, V.A.M.S., which corresponds to § 545.920, V.A.M.S., discussed in the above quote, and applies in cities or counties in which there are not more than two regular terms of the court. The Missouri Supreme Court let stand the trial court's ruling that petitioner's escape tolled the statute. No contention is made that this ruling violates any provision of the U. S. Constitution. Moreover, as noted above, the petition is based solely on the alleged violation of the speedy trial clause of the Sixth Amendment to the Constitution of the United States. Accordingly, this court must limit itself to the constitutional question raised in the petition.

This right is imposed on the States by the Due Process Clause of the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), and see Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) and Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969).[2] The right to a speedy trial attaches when there is "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . ." United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971).

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court undertook to set out for the first time the criteria by which the right to a speedy trial is judged. Id. at 516, 92 S.Ct. 2182. The Court recognized, as it had in Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905), that the inquiry to determine whether the right to a speedy trial has been violated necessitates a functional analysis of the right in the particular context of the case. Id. at 522, 92 S.Ct. 2182. The Court expressly refused to hold that the Constitution requires that a defendant be afforded the right to a trial within any specified time period. The court also rejected the approach that absent a demand by the accused for a speedy trial the right is waived. The court found the demand-waiver approach inconsistent with its previous pronouncements that waiver of a Constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege", citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and "presuming waiver from a silent record is impermissible", citing Carnley v.

Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Barker v. Wingo, supra, 407 U.S. at 522–530, 92 S.Ct. 2182, at 2189. Instead, the Court adopted a balancing test which requires consideration of at least four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Id. at 530–533, 92 S.Ct. 2182. The court was careful to point out, however, that "none of the four factors identified above [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. at 533, 92 S.Ct. at 2193. The Court also pointed out that these are related factors which must be considered together with other relevant circumstances. We now turn to the case before us, in the light of such factors.

*The length of the delay.* The first factor to be considered is the length of the delay. The information charging petitioner was filed on March 22, 1966. The trial was held September 29, 1970. However, part of the delay is attributable to the petitioner's escape from the custody of Missouri authorities. The Missouri Supreme Court noted[3] that the trial court had found that petitioner's communication of December, 1968 was the first notice the state had of defendant's whereabouts after the escape. The only evidence offered to the contrary by petitioner was his affidavit that he had written the Attorney General of Missouri in July, 1966 requesting a speedy trial, and an affidavit in support of a motion for a new trial where he asserted that he had also written the Circuit Attorney for the City of St. Louis in mid-1966 requesting a speedy trial. The motion for a new trial was overruled. The record discloses that petitioner was given a full and fair hearing but failed to offer any

---

2. For a history of the right to a speedy trial with particular emphasis on its development in English jurisprudence, see Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

*See generally* A.B.A. Standards Relating to Speedy Trial (tentative draft 1967).

3. State v. Endres, supra, 482 S.W.2d at 482.

evidence or testimony in support of his affidavits. Apparently, the Circuit Court was unpersuaded by the bare statements in the affidavits when contrasted to the records of the court showing that petitioner's first demand for a speedy trial was dated December 10, 1968 and filed in the court on December 16, 1968. Under these circumstances, the finding of the Circuit Court on this point must be presumed to be correct. 28 U.S.C. § 2254(d). Based on these findings, the delay attributable to the State was approximately 22 months. In Barker v. Wingo, supra, 407 U.S. at 530, 92 S.Ct. at 2192, the court pointed out that "until there is some delay which is presumptively prejudicial, there is no necessity for inquiring into the other factors that go into the balance." This court finds that the delay is sufficiently long to require inquiry into the other factors.

■ *The reason for the delay.* While the facts, as found by the State Court, do not show the reason the state assigned to justify the delay, there was no evidence that the State deliberately attempted to delay the trial in order to hamper the defense.

*The defendant's assertion of his right.* The facts as found by the state court show that petitioner asserted his right to a speedy trial on December 10, 1968, March 14, 1969, October 20, 1969, December 22, 1969, and August 7, 1970.

*Prejudice to the defendant.* The Supreme Court of Missouri pointed out in its opinion that the only evidence offered to show prejudice was an affidavit of petitioner stating that he had a crucial alibi witness 73 years old who was suffering from a heart condition. The court then observed, "The record here is silent as to whether or not the witness testified at the trial, and, if not, why not." State v. Endres, supra, 482 S.W. 2d at 485. In the petition before this court, there is no allegation of prejudice. In discussing the prejudice factor in *Barker,* the Supreme Court identified three particular interests which the speedy trial right was designed to protect:

> "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."
>
> Barker v. Wingo, supra, 407 U.S. at 532, 92 S.Ct. at 2193.

Any "oppressive pretrial incarceration" in this case was attributable to the petitioner's escape from the custody of the State of Missouri and subsequent conviction on another charge. Petitioner may have suffered some anxiety and concern over the detainer placed upon him by the Missouri authorities. But impairment of the defense, considered by the Supreme Court in *Barker* to be "the most serious", has not been alleged in the petition before this court, and the Supreme Court of Missouri did not find any evidence that the defense was impaired.

The delay in the instant case was not as "extraordinary" as the over-five year delay in *Barker,* in which the conviction was affirmed. Although petitioner did make a number of efforts to secure a speedy trial, it was not shown that the state deliberately attempted to delay the trial in order to hamper the defense. Finally, petitioner has neither alleged nor shown any prejudice that resulted in impairing his defense to the merits of the charge. These factors, taken together, do not show in the circumstances of this case that petitioner was deprived of his right to a speedy trial.

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

So ordered.