357 F.Supp. 901 (1973)
Andrew NOVAK, Jr., Petitioner,
v.
Harold R. SWENSON, Warden, Respondent.
No. 72 C 394(3).
United States District Court, E. D. Missouri, E. D.
April 24, 1973.
*902 Andrew Novak, Jr., pro se.
John C. Danforth, Atty. Gen. of Mo., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
Andrew Novak, Jr., a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury of second degree burglary and stealing in the Circuit Court of the City of St. Louis, Missouri. He was sentenced to concurrent ten and five year sentences and is presently confined in the Missouri State Penitentiary.
The petition was originally filed in the United States District Court for the Western District of Missouri, but was transferred here by Order dated May 30, 1972. This court issued an Order to Show Cause on July 18, 1972. On September 28, following the filing of a response and a traverse, this court entered an Order holding the petition in abeyance for sixty days or until the Supreme Court of Missouri disposed of the petitioner's Rule 27.26 V.A.M.R. motion then pending in that court, whichever occurred first. Then, on November 20, 1972, this court amended the Order of September 28, 1972 to provide that the petition would be held in abeyance until the Supreme Court of Missouri disposed of petitioner's Rule 27.26 motion, which was scheduled for argument January 18, 1973. On March 12, 1973, the Supreme Court of Missouri denied the motion in a presently unreported written opinion.
The ground alleged for the writ is stated in the petition as follows:
"That prior to kicking the door of petitioner's apartment open the police officer's [sic] did not have probable cause that petitioner has [sic] or was committing an offense, it was not until after the officer's [sic] had entered the apartment when the search turned up the incriminated evidences [sic], that the officer's [sic] had anything resembling probable cause." (Emphasis in original).
Petitioner has made it clear, by letters dated October 2, 1972 and March 30, 1973, that his sole contention is that the officers did not have probable cause to arrest him at the time they entered his apartment. This contention was decided against petitioner in the direct appeal of his conviction. State v. Novak, 428 S. W.2d 585 (Mo.1968).[1] Therefore, petitioner has exhausted all available state remedies as required by 28 U.S.C. § 2254(b). Hughes v. Swenson, 328 F. Supp. 1298 (E.D.Mo.1971), aff'd 452 F. 2d 866 (8th Cir.1971).
The facts as found by the Supreme Court of Missouri are set out in detail in State v. Novak, 428 S.W.2d 585, 587-90 (Mo.1968). They may be summarized as follows: On October 19, 1966, at approximately 1:00 a.m., Officer Johnson and Patrolman Keasling of the St. Louis Police Department observed a truck on Tenth Street turning east onto Allen Avenue. Later they observed *903 an individual running near the intersection of Eighth and Allen. The officers proceeded east on Allen in their patrol car. Near Ninth Street they saw "two or three men" carrying boxes from a truck parked on the south side of Allen in the 800 block. As the officers approached, the men began running north towards an areaway at 809 Allen. The officers alighted from their car and pursued the men. The Supreme Court of Missouri described the areaway:
"The areaway or gangway was shown to be an enclosed space leading from the front or southside of the building numbered 809 Allen Avenue to the north or alley side of the building. At the south or street side there was a door through which the passage was entered. The passage widened after entry and, at its north end, one could go into the alley or the yard or turn sharply right, back to the south, and proceed up a wooden stairway to the second floor. There was an area or landing and two apartments at the top of the stairs. The door of one apartment, the south apartment, was immediately south across the landing. The other, the west apartment, had its door about four feet to the right of the stairs on the west side of the landing. There was a window to the right of each of the apartment doors opening onto the landing." Id. at 587.
Officer Johnson pursued two men into the areaway but lost sight of them. He heard what "sounded like somebody running upstairs" and found wet footprints leading up the stairs toward the west apartment. Patrolman Keasling pursued the third man west on Allen Avenue, but did not catch him. In response to a call on a portable police radio from Officer Johnson, Lieutenant Kleine and Sergeant Long arrived a minute or two later. Next to the areaway entrance they found a large box with a Carp's Department Store sticker on it. The three officers also observed four or five similar boxes with the same stickers in the back of the truck parked on Allen Avenue. Kleine knew there was a Carp's Department Store in the police district. He requested the dispatcher to send a police car to the store to ascertain if it had been burglarized. At approximately 1:35 a.m., the officers received word that Carp's Department Store had indeed been burglarized. The three officers ascended the stairs at the rear of 809 Allen and began knocking on the two doors there. There was no response, but they observed a light in the middle room of the west apartment. They also heard movement in that same apartment, but heard no movement in the other apartment. Sergeant Long stationed himself on the landing leading up to the third floor. Johnson and Kleine descended the stairs and went to a building in the rear, which was vacant except for one apartment. They interviewed a man at that apartment and then stationed themselves outside against the building. Long waited quietly on the landing for approximately 15 minutes. He then heard a man cough and a woman speaking, but he could not understand what she was saying. Next he heard some moving about in the apartment, and then saw the curtain move slightly. The door opened and a female emerged and stood on the porch. The door to the apartment remained open. Long said to the woman, "police officer". Long had his pistol in hand. As he approached the woman, he observed Andrew Novak standing in the apartment. Long knew Andrew Novak and recognized him. Novak slammed the apartment door so violently that the glass broke. Long struggled with the woman as he radioed for assistance. Kleine and Johnson came to his aid. Kleine attempted to open the door by reaching through the broken glass, but was unsuccessful. After Johnson was warned "be careful Novak is in there", he broke open the door. Immediately upon the officers' entry, Novak was observed in the front room and placed under arrest. This court concludes that the above facts were determined after a full and fair hearing and are fully supported by the record. Consequently, petitioner's *904 request for a hearing and for appointment of counsel is denied.
The Fourth Amendment provides:
"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
Evidence obtained in violation of the Fourth Amendment must be excluded from criminal trials in the state courts. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). As pointed out above, petitioner's sole contention is that the officers did not have probable cause to arrest him prior to entering his apartment. An illegal arrest, without more, does not vitiate a conviction. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). The petition will, however, be considered as contending that the evidence introduced at his trial was the fruit of an unconstitutional arrest. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Probable cause exists when "the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959), quoting from Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925); see also United States v. Berryhill, 466 F.2d 621 (8th Cir. 1972). And it should be remembered that "[i]n dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). At the time the officers arrested petitioner, the following facts and circumstances, which were based on reasonably trustworthy information, were within their knowledge:
1. The suspicious behavior of two or three persons unloading boxes from a pick-up truck parked at 809 Allen Avenue at approximately 1:00 a.m.;
2. The flight of those persons as the police vehicle approached;
3. The noise of footsteps and wet footprints on the stairway leading to Novak's apartment;
4. A light and movement in only one of the apartments at the top of that stairway  Novak's;
5. The presence of cartons bearing Carp's Department Store labels in the pick-up truck parked on the street and in the gangway leading to the stairway to Novak's apartment;
6. The previous burglary that same evening of Carp's Department Store;
7. The furtive emergence of a woman from Novak's apartment;
8. Novak's action, upon observing Sergeant Long, of slamming the apartment door so violently that the glass broke.
The above facts leave no doubt that the police had probable cause to believe that a crime had been committed. All of the facts, except the last one, provided reasonable grounds for the officers to believe that the person or persons who committed the crime were in Novak's apartment. Novak's action in slamming the door, when considered with all the other facts, gave the officers probable cause to believe that Novak was one of the participants in the crime. This court concludes that Novak's arrest was based upon probable cause.
The petition for a writ of habeas corpus is denied and the action is dismissed.
So ordered.
NOTES
[1] The Supreme Court of Missouri refused to reconsider this contention in its opinion of March 12, 1973.