**Robert Lee ENDRES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 36977.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 22, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, James W. Whitney, Jr., Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Robert Lee Endres appeals the denial of his Rule 27.26 motion contending he had been denied a speedy trial. That same issue was raised and denied on direct appeal. See *State v. Endres,* 482 S.W.2d 480 (Mo.1972) for pertinent facts concerning trial delay and the speedy trial issue defendant persistently raised from the time of his pretrial motions until submission to the supreme court.

 The speedy trial *issue* now raised is *the same issue* raised on the earlier appeal.

Rule 27.26(b)(3) provides "a proceeding under this Rule ordinarily cannot be used . . . as a substitute for a second appeal." In *Sweazea v. State*, 515 S.W.2d 499[1] (Mo.1974) the court said: "We have consistently ruled that provision to mean that where an issue is raised and decided on direct appeal defendant cannot obtain another review thereof in a 27.26 proceeding." The court adopted the rationale of *Gailes v. State*, 454 S.W.2d 561[2] (Mo.1970): "If issues, apparently finally decided, may be reopened and reviewed simply because a litigant has an additional citation to offer or a different theory to suggest there would never be an end to litigation. The constitutional rights of defendant were fully protected when the issue presented was reviewed by this court on the original appeal."

It follows that Movant's Rule 27.26 motion is but an attempted second appeal and relief is precluded by Rule 27.26(b)(3).

■ In his brief movant stresses the speedy trial case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). If his right to a speedy trial is based on a constitutional pronouncement made *after* his prior appeal it would not now be barred by that appeal. The *Barker* court adopted a balancing approach on a case-by-case basis to determine if an accused had been denied a speedy trial, and it ruled the factors to be considered are length of the delay, reason for the delay, whether the accused asserted the right to a speedy trial and whether he was prejudiced. The analysis in *Endres* is fundamentally the same as that in *Barker*. Movant's motion is not based on a *new* constitutional pronouncement so it is barred by his prior appeal on the speedy trial issue.

Judgment affirmed.

DOWD and WEIER, JJ., concur.